UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL ORTIZ DIAMOND,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>    Defendants. | Case No. 15-cv-03153-EDL<br><br>**REPORT AND RECOMMENDATION RE: TRANSFER TO THE CENTRAL DISTRICT OF CALIFORNIA; ORDER REASSIGNING CASE**<br><br>Re: Dkt. No. 7 |

On April 18, 2014, Plaintiff initiated an action that is currently pending in the Central District of California, <u>Diamond v. City of Los Angeles</u>, Case No. 14-cv-3825, related to a December 29, 2012 encounter with officers from the Los Angeles Police Department at a Los Angeles-area McDonald's Restaurant. On July 8, 2015, Plaintiff filed this action, which appears to be related to the same incident.[1] Plaintiff alleges that all Parties are residents of Los Angeles County and that "[e]ach of the acts of defendants alleged in this complaint were done by defendants under the pretense of law and ordinances, regulations, customs, and usages of the State of California, City of Los Angeles, the County of Los Angeles, and under authority of their business license issued by the City and County of Los Angeles." (Cmplt. at 2.) On July 30, 2015, this Court issued an order requiring Plaintiff to show cause why this case should not be transferred to the Central District of California. On August 10, 2015, Plaintiff responded to the order. Plaintiff has not filed a consent or declination to magistrate judge jurisdiction.

A civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in

---

[1] Plaintiff also filed an application to proceed *in forma pauperis*, which the Court granted on July 30, 2015. That order specified that determination of compliance with 28 U.S.C. § 1915 would be decided separately.

which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C.A. § 1391(b); Martensen v. Koch, 942 F. Supp. 2d 983, 996 (N.D. Cal. 2013) (Corley, J.) (same). Although Plaintiff notes that he is familiar with several judges of the Northern District of California, that he previously resided in Oakland, and that several events seemingly unrelated to his complaint occurred within the Northern District, Plaintiff does not contest that all Defendants and relevant events occurred within the Central District of California. Accordingly, this Court recommends that this action be transferred to the Central District of California. This case is hereby reassigned to a district judge.

Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO ORDERED.**

Dated: August 14, 2015



ELIZABETH D. LAPORTE
United States Magistrate Judge

2